POWELL, J.
This action is in this court by appeal from tbe judgment of the court of common pleas of this county. It was brought in that court by the plaintiffs, who are administrators with the will annexed of the estate of one Sidney Smith,, deceased, asking the direction ’of the court relative to the discharge of their duties as such administrators, and is brought under the special provisions of Sec. 10857 G. C. The facts on which the question in controversy arises are as follows:
Sidney Smith, the testator, died testate on September 9, 1916. His will had been executed on May 26, 1900. He died without issue, his wife having died several years before his death. In the third item of his will he provided as follows:
“Item 3. I give and bequeath to Charles A. Pigg, William Pigg, Geo. T. Pigg and David IT. Pigg, or their heirs, per stirpes, each the sum of $1,100 absolutely, which said amount I received from my wife by inheritance, she having been a sister of the legatees mentioned in this item.”
*683 William Pigg, one of the legatees mentioned in said item, died on April 30, 1916, intestate, and without issue, leaving the defendant, Dora Pigg, his widow, who was his sole heir at law. Dora Pigg claims as such heir that the $1,100 legacy, given to her deceased husband by the will of said testator, should be paid to her. The defendants, David H. Pigg, Charles A. Pigg and Geo. T. Pigg, who are named in said Item 3 and who each received the legacy of $1,100 therein given to them, claim that by the terms of said will they are entitled to the said legacy. Ella Smith, who is the residuary legatee of the said testator, by virtue of Item 7 of the will, also claims to be entitled to receive said legacy.
The plaintiffs in this action ask the direction of the court as to who is entitled to the same. Said Item 3 gives to the four legatees named therein the sum of $1,100 each absolutely. The legacy given to William Pigg by said Item 3 lapses and becomes a part of the residuum of the estate of said testator, unless the will itself otherwise provides. Dora Pigg claims to be the heir at law of said William Pigg, and that a proper construction of said Item 3 -would give the same to her as such heir at law. This court is of opinion otherwise. While she is the heir at law of William Pigg, she is not entitled to a legacy given to him, but which never came into his possession, by reason of his death having occurred before the death of the testator. There is nothing in said item which indicates that the said testator desired that William’s widow should receive the legacy given by him to William. The language of said item applicable to the legacy of William Pigg is as follows: “I give and bequeath to William Pigg, or his heirs, per stirpes, the sum of $1,100 absolutely.” Dora Pigg is not an heir per stirpes of William Pigg. She is his heir at law by virtue of the statute, and by reason of having survived him without leaving issue. If she is entitled in any way to this legacy, it is because the language of the will itself makes her a legatee under the will of said testator, and there is nothing in the will which indicates that the testator intended to give this legacy to her in the event that William Pigg should die before the death of the testator. In other words, she is not his legatee; neither is she entitled to receive said legacy as the general heir at *684 law of William Pigg; neither is she entitled to said legacy as being heir per stirpes of William Pigg.
It is further claimed that the surviving brothers of William Pigg, named in said Item 3, are entitled to said legacy, because by the terms of the will it is shown to be the intention of the testator that the amount of money received by him from his wife as an inheritance should be repaid to her brothers out of his estate. We do not subscribe to this view. The testator executed two codicils to his will, and it is recited in each of them that in his lifetime he paid the legacy given by said will to David H. Pigg “in full of said legacy, the same having been paid in advance to him;” and further, that so much of said will as gave a legacy to said David H. Pigg is canceled, and the legacy itself is declared adempted or satisfied. In the second codicil he again recites that he had paid to David IT. Pigg the sum $1,100 provided to be paid to him by said Item 3; and further he says, “I hereby cancel and annul the part of said Item 3 which provides for the payment of that amount to him.” He further adds, as a part of said codicil, that his original will, as modified by said codicil, is now his last will and testament. We think from this circumstance that the said testator did not intend to give the specified sum of $4,400 to the brothers of his deceased wife, but that he meant simply what he said: That he gave to them each the sum of $1,100. There is nothing in this will that shows any intention in the mind of the testator to give said total sum to the brothers of his wife as a class; and, in fact if such a construction should be placed upon the will it would be in conflict with the other provisions of said codicils, as above quoted.
It is the settled law of Ohio that a legacy given to a legatee who is either dead at the time of making the will or dies thereafter, before the death of the testator, lapses and becomes a part of the residuum of his estate; or if this is not true, that the testator dies intestate as to such legacy. There is a provision of the statutes which seeks to prevent the lapsing of legacies in certain contingencies. I refer to Sec. 10581 G-. C. But none of the conditions prescribed by this section of the statutes is applicable to the provisions of this will. In the first place, Dora Pigg, the widow of William Pigg, is not the issue of William Pigg, as pro *685 vided in said section. Neither is she of any degree of relationship to the said testator. So that, as far as she is concerned, there is nothing which prevents the lapsing of the legacy. Neither does it descend to the three brothers living for the same reason. There is nothing which appears in said will which shows an intention to give the same, or any part thereof to said legatees.
So there is nothing in the relationship of the parties which prevents the legacy from lapsing. Schaefer v. Bernhardt, 76 Ohio St. 443 [81 N. E. 640; 10 Ann Cas. 919], There being no special rule applying to the claims of any of said parties, the legacy lapses under the general law relative to wills, and according to the terms and provisions of Item 2 of said will, the same becomes the property of the residuary legatee, Ella Smith.
A decree may be drawn in her favor in accordance with the opinion herein expressed.
Houck and Shields, JJ., concur.